CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 14 2011

JULIA C. DUDLEY, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HAROLD E. STRICKLAND, | ) | |
| | ) | Civil Action No. 7:11cv00246 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| DOCTOR HENREY WANG, <u>et al.</u>, | ) | By:   Hon. Samuel G. Wilson |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Harold E. Strickland brings this action pursuant to 42 U.S.C. § 1983 against various correctional and medical employees at Danville City Jail and Mecklenburg Correctional Center ("MKCC"). Strickland alleges defendants have been deliberately indifferent to his serious medical need because he has not received adequate medical treatment related to his Crohn's disease. The case is before the court on Strickland's motion for a preliminary injunction ordering that a doctor at Duke University evaluate and provide a treatment plan for his Crohn's disease and that the Virginia Department of Corrections follow such treatment plan, as well as any special diets recommended by the Duke University doctor. Strickland claims that the medications currently prescribed are not effective and that he needs certain medical tests, as well as a special diet. Strickland states that defendants are aware of his Crohn's disease, but have failed to provide him with adequate medical treatment, including suitable medications and a special diet.

By order entered June 2, 2011, the court ordered the defendants to file a response, and the defendants filed an affidavit from G. Harris, R.N.C.B., director of nursing at MKCC. Nurse Harris avers that Strickland has been seen and treated several times by the treating physician at

MKCC and other medical staff since his arrival at the facility on April 29, 2011. Nurse Harris further states that Strickland has received both treatment and medication for his Crohn's disease while incarcerated at MKCC. Plaintiff has been prescribed Asacol for his Crohn's disease, as well as Colace and Prilosec to provide relief from symptoms of Crohn's. However, the treating physician at MKCC has not ordered a special diet.

A district court should award preliminary injunctive relief sparingly and only when the party seeking relief has demonstrated actual, imminent, irreparable harm, as well as a likelihood of success on the merits. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991); Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). A preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, and the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008).[1] The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc., 926 F.2d at 360.

---

[1] The court notes that the Fourth Circuit's previously-established balance-of-hardships test set out in Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), is no longer applicable. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342 (4th Cir. 2009) vacated by, remanded by, cert. granted, 130 S. Ct. 2371, 176 L. Ed. 2d 764 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010) ("Because of its differences with the Winter test, the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit . . . .")

Strickland cannot show a likelihood of success on the merits of his claim. For Strickland to prevail in his 1983 claim, he must prove that his constitutional rights were violated. To state a constitutional claim regarding medical care, a prisoner must show deliberate indifference to a serious medical need. In order to demonstrate deliberate indifference to a serious medical need, Strickland must show that the defendants knew of and disregarded an objectively serious medical need or risk of harm. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). A disagreement between an inmate and medical personnel over diagnosis or course of treatment is not a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. The court finds it unlikely that Strickland will succeed on the merits of his deliberate indifference claim and, therefore, denies his motion for a preliminary injunction.

The treating physician and other medical staff at MKCC are aware of Strickland's Crohn's disease and have provided him with treatment on multiple occasions since his arrival at the facility on April 29, 2011. Strickland has been prescribed Asacol for his Crohn's disease, as well as the medications Colace and Prilosec to relieve Crohn's related symptoms. Strickland's assertion that he is entitled to different medications, specific medical tests and/or surgeries, or a special diet amounts to nothing more than a disagreement with medical staff regarding course of treatment, which is not actionable. Because Strickland cannot satisfy all four prongs of the Winter test, he is not entitled to a preliminary injunction.

Accordingly, the plaintiff's motion for a preliminary injunction is denied. The plaintiff's claims for other forms of relief may go forward if he complies with the conditional filing order entered on June 8, 2011.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This 14th day of June, 2011.

_____
United States District Judge